UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**KEITH ALLEN,** *et al.*,

    *Plaintiffs*,

**v.**

**DISTRICT OF COLUMBIA**,

    *Defendant*.

Case No. 00-cv-591-RCL

**MEMORANDUM OPINION**

    This opinion concerns ten consolidated cases[1] brought decades ago against the District of Columbia ("the District") for violations of the Individuals with Disabilities Education Act ("IDEA") and the attorneys' fee awards that the District owes plaintiffs. After the D.C. Circuit's holding that defendant only owed interest on the capped attorneys' fees of $4,000 per proceeding and not the full judgment amount, *Allen v. District of Columbia*, 969 F.3d 397, 405 (D.C. Cir. 2020), this Court referred the matter to Magistrate Judge G. Michael Harvey to "recalculate the amount of interest owed on attorney's fees [consistent with *Allen*]," ECF No. 157 at 1.

    This dispute has been ongoing for more than twenty years, and, as both parties correctly assert, "should be put to rest." ECF No. 171 at 6; ECF No. 172 at 19. Because plaintiffs' arguments (1) have been forfeited, (2) involve issues that exceed Magistrate Judge Harvey's scope of

---

[1] *Allen v. District of Columbia*, No. 00-591; *Bradley v. District of Columbia*, No. 99-3188; *Wingfield v. District of Columbia*, No. 00-121; *Isaac v. District of Columbia*, No 00-122; *Jones v. District of Columbia*, No. 00-593; *McDowell v. District of Columbia*, No. 00-594; *Abraham v. District of Columbia*, No. 01-27; *Thomas v. District of Columbia*, No 03-1791; *Adams v. District of Columbia*, No. 03-2139; *Clark v. District of Columbia*, No. 06-439.

1

authority, and (3) are meritless, this Court will **REJECT** their objections and will **ADOPT** the Report and Recommendation written by Magistrate Judge Harvey in full.

## I.   BACKGROUND

The history of these twenty-year-old cases has been thoroughly discussed before. *See* ECF Nos. 70, 163, 167. For present purposes, it is sufficient to note that plaintiffs were awarded a judgment for attorneys' fees and costs against the District of Columbia in various IDEA challenges. Report and Recommendation 2, ECF No. 167, *Allen v. District of Columbia*, No. 00-CV-591 (GMH) (March 31, 2021). However, Congress's enactment of the 2009 Omnibus Appropriations Act ("2009 Act") complicated plaintiffs' effort to enforce those judgments. *Id.* The 2009 Act established that the final cap relevant to attorneys' fees in IDEA challenges was $4,000 per proceeding. *Id.* In other words, "none of the funds contained in [the 2009 Act] or in any other Act making appropriations for" the District for fiscal year 2009 or "any succeeding fiscal year" can be used to pay more than $4,000 in attorney's fees per IDEA proceeding. *Omnibus Appropriations Act, 2009*, Pub. L. No. 111-8, tit. VIII, § 814(a), 123 Stat. 697 (2009).

The Court first referred this case to Magistrate Judge G. Michael Harvey to determine the amount of attorneys' fees and costs owed to plaintiff, based on the $4,000 fee cap per proceeding, plus interest. ECF No. 71. This Court adopted the calculated amount based on the full judgment awarded to Plaintiffs in each case. ECF No. 116. Defendant appealed this Court's interest determination, arguing that it could not be required to pay interest on the full judgment amount, which it was not legally able to pay. *Allen*, 969 F.3d at 404. The D.C. Circuit agreed and ruled in favor of the defendant. *Id.* at 406. It found that the defendant owed interest only on the attorneys' fees of $4,000, plus costs. *Id*. at 405–06. On remand, this Court referred the case to Magistrate Judge Harvey to recalculate the amount owed consistent with *Allen*, and Judge Harvey then filed

a Report and Recommendation detailing the appropriate judgment amount for each plaintiff. ECF No. 167.

Plaintiffs have now filed this objection to the Report and Recommendation. They argue that (1) the full judgment amount can be paid through the District's Contingency Reserve Fund, D.C. Code § 1-204.50a(b), because the language of the 2009 Act demonstrates that the fund can be used for such purposes; (2) that, under a *Chevron* analysis, the Contingency Reserve Fund can be used to pay the full judgment amount; (3) that the District protracted this litigation because it did not disclose the existence of the Contingency Reserve Fund; (4) that the District misled the plaintiffs by failing to disclose its authorship of the 2009 Act fee cap; and (5) that interest should be calculated based on the outstanding judgment amount. ECF No. 168. Defendant opposed, ECF No. 171, and plaintiffs replied, ECF No. 172. The motion is now ripe for review.

## II.     STANDARD OF REVIEW

Under Rule 72(b) of the Federal Rules of Civil Procedure, once a magistrate judge issues a report and recommendation, a dissatisfied party may object to the proposed findings. Fed. R. Civ. P. 72(b). The district court reviews these objections *de novo*. *Id*.

## III.     DISCUSSION

### A. Plaintiffs Forfeited Their Arguments on the Use of the Contingency Reserve Fund

For over six years, plaintiffs and defendant have argued over attorney's fees. *See* ECF No. 36. But only now do plaintiffs raise the Contingency Reserve Fund as a possible source of funds. Plaintiffs have accordingly forfeited their arguments that the District can pay the full judgment amount from its Contingency Reserve Fund.

An argument is forfeited when it is not asserted in a timely manner. An argument first made in a reply comes too late and is forfeited. *Louisiana Pub. Serv. Comm'n v. Fed. Energy Reg.*

*Comm'n*, 482 F.3d 510, 521 (D.C. Cir. 2007). An argument that arrives *six years* into litigation of a specific issue on remand is certainly forfeited. Because, as defendant notes, the existence of the Contingency Reserve Fund has been a matter of public record since its authorization in 2006, plaintiffs had ample opportunity to argue this point during earlier proceedings. ECF No. 171 at 3. Because plaintiffs failed to raise these new arguments in a timely manner, they are forfeited.

### B. Plaintiffs' Objections Exceed the Scope of Authority of the Magistrate Judge

Plaintiffs' objections to the Report and Recommendation exceed the authority granted to Magistrate Judge Harvey. Objections to a magistrate judge's report and recommendation cannot "present new initiatives" that were not originally put before the magistrate judge. *See Brown v. District of Columbia*, 324 F. Supp. 3d 154, 159 (D.D.C. 2018) (quoting *Taylor v. District of Columbia*, 205 F. Supp. 3d 75, 79 (D.D.C. 2016)). The referral order this Court issued on September 25, 2020 made clear that the *only task* assigned to Magistrate Judge Harvey was to calculate the amount of interest owed to plaintiffs on the capped attorneys' fees plus cost. *See* ECF No. 157 at 1.

Moreover, plaintiffs' objections do not specifically address the conclusions outlined in the Report and Recommendation or the figures and calculations in the appended chart. Rather, as the Magistrate Judge notes, the objections raise issues that "go to the heart of the past six years of this litigation." Report and Recommendation 3. Through these new arguments, plaintiffs are essentially seeking to "rewind to the very beginning of these proceedings," *id.*, and raise new arguments in front of the district court. The objections plainly go beyond the scope of the Report and Recommendation and cannot be sustained.

### C. Plaintiffs' Objections Lack Merit

In any event, plaintiffs' objections are meritless. Plaintiffs' major argument is that the

Contingency Reserve Fund is not limited by the 2009 Act's $4,000 fee cap because it is "not subject to continual federal appropriation" and because the authorizing statute for the Contingency Reserve Fund lacks language prohibiting the use of the fund to pay settlements. ECF No. 168 at 6–7. However, when briefly addressing this argument on appeal (where it was raised for the first time), the Circuit remarked that it "took it for granted" that a comparable prohibition on the District's ability to spend federally appropriated funds contained in the 2002 District of Columbia Appropriations Act ("2002 Act") was a "blanket spending prohibition" that applied to all federal funds. *Allen*, 969 F.3d at 405. While the Circuit did not categorically hold that the 2009 Act was *also* a blanket spending prohibition, it noted the two acts were "similarly worded." *Id*. If the 2002 Act amounts to a blanket spending prohibition mandating that the District is "*never* to pay fees for work done or fees requested in the relevant years," *id.* (quoting *Whatley v. District of Columbia*, 447 F.3d 814, 819–20 (D.C. Cir. 2006)), plaintiffs fail to illustrate why the 2009 Act is any different.

Second, plaintiffs claim that under a *Chevron* analysis, the Contingency Reserve Fund can be interpreted as available to pay settlement and judgment awards against the District. ECF No. 168 at 8. But plaintiffs' objection does not explain why this issue requires a *Chevron* analysis. *Chevron* concerns judicial review of the construction of a statute by an administrative agency. *Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984). There is no agency interpretation here that this Court must defer to, and so this argument is inapposite.[2] Perhaps plaintiffs are attempting to make a simple statutory interpretation argument, but that argument is

---

[2] The Court also notes that plaintiffs have applied the *Chevron* doctrine incorrectly. Plaintiffs argue that the D.C. Code is "clear and unambiguous by explicitly excluding settlements and judgments in the Emergency Reserve Fund and *not* excluding them in the Contingency Reserve Fund." ECF No. 168 at 8. *Chevron* states that "[i]f the intent of Congress is clear, then that is the end of the matter. . ." *Chevron,* 467 U.S. at 842. But then plaintiffs inexplicably move to the next step of the *Chevron* analysis, which applies where a "statute is silent or ambiguous." ECF No. 168 at 9. The Court cannot decipher whether plaintiffs believe that the statute is ambiguous.

5

foreclosed by the Circuit's instruction that these similarly worded acts amount to blanket spending prohibitions. *Allen*, 969 F.3d at 405

Third, plaintiffs argue that the District protracted this litigation by failing to disclose the existence of the Contingency Reserve Fund to pay the outstanding judgment award. ECF 168 at 9. However, the existence of the Contingency Reserve Fund has been known since 2006. *See* 2005 District of Columbia Omnibus Authorization Act, 109 Pub. Law. No. 356, § 102, 120 Stat. 2019, 2021–23 (2006). Plaintiffs have had years to research and argue the use of the Contingency Reserve Fund to satisfy the judgments. They have failed to do so and may not raise it now. Plaintiffs similarly claim that the District "lulled" them into not raising the existence of the Contingency Reserve Fund. ECF No. 168 at 11. The Court is not convinced. Lulling occurs when the defendant "ha[s] done something that amounted to an affirmative inducement to plaintiffs to delay bringing action." *Jankovic v. Int'l Crisis Grp.*, 494 F.3d 1080, 1087 (D.C. Cir. 2007). Nothing remotely close to this has transpired because plaintiffs were not delayed in commencing this action.[3]

Fourth, plaintiffs allege that the District misled them and this Court by failing to disclose its authorship of the 2009 Act fee cap budget rider, and that "adverse interest should be drawn against the District due to its authorship of the 2009 Act fee cap budget rider." ECF No. 168 at 16–20. In their brief, plaintiffs dedicate four full pages to developing this argument but ignore one key detail: whatever the merits of plaintiffs' allegation that the District contributed to drafting the fee cap, it was ultimately enacted by *Congress*, not the District. Additionally, as discussed above,

---

[3] Confusingly, plaintiffs assert that they preserved this claim because they "repeatedly argued that non-appropriated funds could be used to satisfy the judgment debts." ECF 168 at 14. This argument is meritless. Plaintiffs were either lulled by the District or plaintiffs preserved this argument—both cannot be true.

this Court is not crediting the District's interpretation of the 2009 Act; it is crediting the Circuit's interpretation. As a result, this argument is unavailing.

Last, plaintiffs object to the lack of interest calculation on the total outstanding judgment awards, based on their above arguments that the District has funds available to pay beyond the $4,000 fee cap. ECF No. 168 at 23–24. However, as previously explained, because the 2009 Act's fee cap covers the Contingency Reserve Fund, that fund is not available to satisfy the payment of this judgment. As a result, Magistrate Judge Harvey's Report and Recommendation applied the correct interest calculation on the capped attorneys' fees of $4,000 per proceeding.

## IV.  CONCLUSION

Because of the above reasons, this Court will **REJECT** plaintiffs' objection and will **ADOPT** in full Magistrate Judge Harvey's Report and Recommendation on the amount of interest owed to plaintiffs. A separate Order will follow in each consolidated case.

Date: December 21, 2021

Hon. Royce C. Lamberth
United States District Judge